**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH ISAGULYAN,<br><br>          Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>          Defendant. | NO. CV 09-7518 SS<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

Elizabeth Isagulyan ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying her application for disability benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

## II.

## PROCEDURAL HISTORY

On July 11, 2007, Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging a disability beginning December 21, 2006 due to back pain and leg pain. (Administrative Record "AR" 72, 96). The Agency denied her application on November 7, 2007.[1] (AR 58-62). Plaintiff requested a hearing, which was held before Administrative Law Judge ("ALJ") John Moreen on December 17, 2008. (AR 22-51). On February 26, 2009, the ALJ issued an unfavorable decision. (AR 10-21). Plaintiff subsequently sought review of the hearing decision, but the Appeals Council denied review on September 2, 2009. (AR 6-9). Plaintiff then filed the instant complaint on October 14, 2009.

## III.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[2] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing

---

[1] This case has been designated as a prototype case which skips the reconsideration level of appeal. (AR 52).

[2] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910.

42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

(4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[3] age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

\\
\\
\\
\\

---

[3] Residual functional capacity is "what [one] can still do despite [his] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a).

4

## IV.

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since the alleged onset date of her disability. (AR 15). At step two, the ALJ found that Plaintiff had severe impairments including a major depressive disorder, status post fusion at L5-S1 with spondylosis at L3-S1, and obesity. (Id.). At step three the ALJ found that Plaintiff's impairments, either singly or in combination, did not meet the requirements of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.).

At step four, the ALJ found Plaintiff was unable to perform her past relevant work, had "at least a highschool education," was able to communicate in English, and, at 47, was a "younger individual." (AR 19-20). At step five, the ALJ found Plaintiff retained the RFC to lift and carry twenty pounds occasionally, ten pounds frequently, and could sit, stand and walk without significant limitation. (AR 16). Furthermore, Plaintiff was limited to only occasional postural activity and, due to her moderate limitations on concentration, is limited to simple, repetitive tasks. (Id.). The ALJ noted that Plaintiff was mildly limited in her activities of daily living and social functioning and had moderate limitations in concentration, persistence, and pace. (Id.).

At step five, the ALJ found that based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform a significant number of jobs in the national economy, such as a product

packer, product assembler, or labeler.  (AR 19-20).  Accordingly, the ALJ found Plaintiff not disabled.  (AR 15).

**V.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  Id.  To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

\\

\\

**VI.**

**DISCUSSION**

Plaintiff contends that the ALJ failed to properly evaluate the medical evidence of record. (Memorandum in Support of Plaintiff's Complaint ("Complaint Memo.") at 4). Plaintiff further claims that the ALJ erred in determining Plaintiff's credibility. (Id. at 7). Finally, Plaintiff claims that the ALJ erred in finding that Plaintiff could perform other work in the national economy. (Id. at 9).

The Court agrees with Plaintiff's claims. For the reasons discussed below, the Court finds that the ALJ's decision should be reversed and this action remanded for further proceedings.

**A.   The ALJ Failed To Consider The Medical Evidence Of Record**

Plaintiff claims that the ALJ erred by not considering Plaintiff's medical treatment since May of 2007. (Complaint Memo. at 4). The Court agrees.

Although the ALJ is not required to discuss every piece of evidence in the record, the ALJ may not ignore evidence that is significant or probative. Cf. Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (affirming ALJ and finding that he considered all significant evidence). The rejection of probative or significant evidence must be explained. Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984). Furthermore, "the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that

are supported by substantial evidence in the record." Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

During the hearing, the ALJ and Plaintiff's attorney discussed additional records that Plaintiff had submitted, but that the ALJ could not find:

| | | |
|---|---|---|
| ALJ: | | . . . Before we begin the hearing, you submitted some additional records, and I understand that at least two of these sets of documents, you submitted at an earlier time. Is that correct? |
| ATTY: | | We did, Your Honor. |
| ALJ: | | Did you submit them electronically? |
| ATTY: | | Yes, we did. |
| ALJ: | | They're not there. |
| ATTY: | | I know. I got my disc this morning. I was quite shocked. |
| ALJ: | | I don't know if there was an electronic glitch, or you sent them to the wrong file, . . . but any rate we'll add them. . . . [T]hey will be the next consecutive Exhibits in the F section, I think we have through 10F, so they would be 11, 12 and 13. |

(AR 24-25). This exchange refers to the medical records of Dr. Sanders, an examining physician, and Dr. Josephs, a psychologist, which were subsequently numbered Exhibits 11F and 12F, respectively. (AR 338, 366). Although the ALJ specifically acknowledges these reports and

states that they will be entered into the record, the ALJ subsequently failed to consider the opinions of Dr. Sanders and Dr. Josephs.

In his decision, the ALJ noted that all treatment for Plaintiff's back condition ceased in May of 2007, which he took to indicate that Plaintiff's "recovery was going well and that her condition was improving." (AR 17, 19). However, on November 29, 2007, Dr. Sanders performed a Highly Complex Orthopedic Examination of Plaintiff. (AR 342). The doctor noted that Plaintiff had high levels of discomfort and a reduced range of motion in her lower back. (AR 355). Dr. Sanders diagnosed Plaintiff as suffering from chronic residuals, mechanical low back pain with lumbar fusion. (AR 357). He stated that Plaintiff's restrictions would limit her to light work and preclude her from any activities involving prolonged sitting, standing or walking. (AR 358). This contradicts the ALJ's RFC determination, which stated that Plaintiff could engage in "sitting, standing and walking without significant limitation." (AR 16). The ALJ needs to resolve this contradiction.

Furthermore, the ALJ commented that Plaintiff had received no psychiatric treatment apart from the initial consultative examination. (AR 18). Nevertheless, the ALJ noted that due to Plaintiff's mental problems, she might be "limited to simple, routine, repetitive work." (AR 48). A December 3, 2008 mental impairment evaluation completed by Dr. Josephs contradicts these statements. (AR 366). Dr. Josephs found that Plaintiff had moderate to moderately severe impairments in almost every category of memory, concentration, social interaction, and adaptation. (AR 368-69). Dr. Josephs further found that a "routine,

repetitive, simple entry-level job would actually serve as a stressor which would exacerbate [Plaintiff's] psychological symptoms." (Id.). The ALJ needs to resolve these contradictory opinions.

The ALJ failed to provide specific and legitimate reasons for his rejection of Dr. Sanders' and Dr. Josephs' opinions. Indeed, these two medical opinions are never referred to at all in the ALJ's findings. (AR 13-21). The ALJ therefore failed to account for the discrepancies between his ultimate RFC and the medical evidence provided by Dr. Sanders and Dr. Josephs. See Howard, 341 F.3d at 1012.

Based on the exchange that occurred during the hearing (AR 24-25), Plaintiff acknowledges that this evidence "may not have been associated with the file at the time the decision was issued, regardless of the fact that it was entered into the record." (Complaint Memo. at 4). However, when Plaintiff sought a review of the hearing, the Appeals Council should have examined these records and questioned the discrepancy. Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993) (stating that even when the Appeals Council declines to review the decision of the ALJ, it must examine the entire record, including any additional material submitted). Plaintiff's attorney specifically notified the Appeals Council of the ALJ's failure to take note of Dr. Sanders' and Dr. Josephs' medical opinions, yet the Appeals Council failed to review this information. (AR 6, 68). The Appeals Council thereby compounded the ALJ's error. Accordingly, remand is required.

\\
\\

**B.      The ALJ Erred In Determining Plaintiff's Credibility**

Plaintiff asserts that the ALJ improperly rejected Plaintiff's credibility, based upon alleged inconsistencies in the record. (Complaint Memo. at 7). Plaintiff contends that the inconsistent statements found by the ALJ are actually the result of the ALJ misconstruing the record. (Id.). This Court agrees.

Whenever an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must "make an explicit credibility finding" that is "supported by a specific, cogent reason for the disbelief." Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (internal citations omitted). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.3d at 834. When evaluating the credibility of a claimant, the ALJ may consider inconsistencies in a claimant's testimony or between a claimant's testimony and a claimant's conduct. Thomas v. Barnhart, 278 F.3d 948, 958-59 (9th Cir. 2002).

The ALJ found that Plaintiff's "complete absence of recent medical treatment" and "her lack of psychiatric treatment" undermined the credibility of her alleged back and psychological impairments. (AR 19). However, this credibility determination is based upon the ALJ's failure to review all of the available medical evidence rather than any actual inconsistency. As Plaintiff saw Dr. Sanders about her back on November 29, 2007, the ALJ's statement that Plaintiff had not received any medical treatment for her back "since May 2007" was factually

inaccurate. (AR 19, 342). The ALJ's statement that Plaintiff's claimed depression was not credible because she had not "at least attempted to obtain some psychiatric treatment" is similarly contradicted by her consultation with Dr. Josephs, a psychologist, on December 3, 2008. (AR 19, 366). The "inconsistences" found by the ALJ are a result of the ALJ's failure to take note of the entire record and therefore do not constitute a "clear and convincing reason" for doubting Plaintiff's credibility. See Lester, 81 F.3d at 834. Remand is necessary.

**C.    The ALJ Posed An Incomplete Hypothetical To The Vocational Expert**

Plaintiff contends that the ALJ erred in determining that Plaintiff could perform her past relevant work. (Complaint Memo. at 9-10). Plaintiff argues that because the ALJ did not include the limitations set forth by Dr. Sanders and Dr. Josephs in the hypothetical he presented to the VE, the ALJ's reliance on the VE's response was unfounded. (Id.). This Court agrees.

The hypothetical questions posed to a vocational expert must consider all of the plaintiff's imitations. Omission of a claimed impairment or limitation from the hypothetical must be based on specific findings and an explanatory rationale. Light v. SSA, 119 F.3d 789, 793 (9th Cir. 1997). If the hypothetical question posed to the vocational expert fails to set out all of the plaintiff's impairments, the vocational expert's testimony has no evidentiary value. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).

12

Here, the ALJ posed a hypothetical to the VE that did not encompass the limitations found by Dr. Sanders and Dr. Josephs. (AR 48). The ALJ asked the VE to assume an individual that could "stand or walk for six hours in an eight-hour day, [could] sit for six hours in an eight-hour day" and was limited to "simple, routine, repetitive work, with concentration moderately impaired." (Id.). Based on this hypothetical, the VE concluded that the individual could perform work in the national economy. (AR 49). However, when the hypothetical included the limitations found by Dr. Sanders and Dr. Josephs, including the limitation that the individual had "difficulty performing even simple, routine, repetitive work," the VE stated that there were no jobs the individual could perform in the local or national economy. (AR 50).

Therefore, the ALJ's failure to consider all of the medical evidence led him to pose an incomplete hypothetical to the VE. The VE's response to such an incomplete hypothetical has no evidentiary value. See Embrey, 849 F.2d at 422. If after remand, the ALJ finds that the limitations found by Dr. Sanders and Dr. Josephs are not supported by the record, then the ALJ may omit them from the hypothetical. However, because the ALJ did not consider this medical evidence, this Court cannot find that the hypothetical necessarily reflected all of Plaintiff's limitations.

\\
\\
\\
\\
\\

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000). Remand is thus warranted in this case to allow the ALJ to reconsider Plaintiff's claim in light of all of Plaintiff's medical evidence and records.

## VII.
## CONCLUSION

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 14, 2010.

_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE